# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOE FLORES, et al., | ) | 1:07cv0334 AWI DLB |
| | ) | |
| Plaintiffs, | ) | ORDER DENYING PLAINTIFFS' |
| | ) | MOTION TO AMEND |
| v. | ) | WITHOUT PREJUDICE |
| | ) | |
| JEWEL MARKETING AND | ) | (Documents 86, 87) |
| AGRIBUSINESS, LLC, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Joe Flores ("Flores") filed the instant motion to file a first amended complaint on March 5, 2009. The matter was heard on May 1, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Flores appeared on his own behalf. Henry Nunez appeared on behalf of Plaintiff M&G Farms, Inc. ("M&G"). Charles Manock appeared on behalf of Defendants Jewels Marketing and Agribusiness, LLC, Atomic Torosian, Steven Poindexter, Robin Mathias, Richard Jones, Crown Jewels of New England, LLC, Santo Freni, Peter Lomanno, Kaweah Packing, LLC, Raul Santellan, Sudano's Produce, Joseph Sudano, Best Value Marketing, Priority Marketing, Inc, William Valero, and Maribella Farms, Inc. (collectively, "Defendants").

## BACKGROUND

Flores and M&G filed this action on February 28, 2007, alleging causes of action arising out of the marketing services provided to M&G during the 2005-2006 growing season. Plaintiffs

1

allege fifteen causes of action, including breach of contract and violations of RICO. Plaintiffs name numerous Defendants, alleging that Defendants all acted as each other's agents at all times and were part of the process of selling Plaintiffs' produce.

On July 9, 2007, the Court granted Defendants' motion to compel arbitration based on the arbitration clause in the Marketer-Grower Agreement ("MGA"). The Court found the arbitration clause valid, ordered Plaintiffs to participate in the arbitration started by Defendants and stayed the action.

On February 19, 2009, Plaintiffs filed an ex parte request to file a first amended complaint and stay the arbitration proceedings. The request was based on newly discovered facts that Plaintiffs believed demonstrate that the MGA is void. The Court denied the request on February 25, 2009, explaining that ex parte relief was not warranted. The Court lifted the stay on further proceedings for the limited purpose of determining the motion for leave to amend and to stay arbitration proceedings. On February 29, 2009, the arbitrator stayed the arbitration to allow the Court to decide the "issue of arbitrability."

Flores filed the instant motion to amend, in which M&G joined, on March 5, 2009.[1] Plaintiffs seek to substitute true names for 13 doe defendants and add a claim for declaratory relief.

Defendants opposed the motion on April 3, 2009, and Plaintiffs filed their reply on April 17, 2004. Flores submitted a second reply on April 24, 2009.[2]

## **DISCUSSION**

Plaintiffs' motion is premature, prior to determining whether to expand this action by adding additional parties and claims, the Court must first address Plaintiffs' arguments that the MGA is void by way of a dispositive motion. If the Court finds that the MGA is void and the

///

///

---

[1] The stay of arbitration issue has been briefed before the arbitrator and is not part of this motion.

[2] Defendants did not oppose Flores' second filing. In any event, the contents of the filing are not relevant to the disposition of this motion.

2

action is no longer subject to arbitration, Plaintiffs may renew the instant motion to amend.

Accordingly, Plaintiffs' motion is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: **May 7, 2009**  /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE