**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOE FLORES, and M&G FARMS, INC., )<br>)<br>          Plaintiffs, )<br>    v.                                 )<br>)<br>JEWELS MARKETING AND      )<br>AGRIBUSINESS, et. al.,           )<br>)<br>          Defendants.       )<br>_____) | CIV F 07-334 AWI DLB<br><br>ORDER VACATING<br>JANUARY 25, 2010 HEARING,<br>ORDER RESETTING<br>MATTER, ORDER ON<br>PLAINTIFF'S MOTION FOR<br>RECONSIDERATION/TO SET<br>ASIDE, and ORDER ON<br>PLAINTIFF'S MOTION TO<br>DISMISS<br><br>Doc. Nos. 116, 117, 151 |

      This case terminated on November 17, 2009, when the Court dismissed the case in light of a filed settlement agreement. <u>See</u> Court's Docket Doc. No. 116.  Currently pending before this Court and set for hearing on January 25, 2010, are M&G Farms's motion for reconsideration/to set aside and motions for attorney's fees and enforcement of settlement.  Also pending, but set for hearing on February 1, 2010, is a third party's motion to intervene as a matter of right.[1]  Additionally, there is a request by Defendants to interplead funds that were part of the settlement.

      After considering the papers, the Court will vacate the January 25, 2010 hearing date. The Court will move the hearing on M&G's motions for attorney's fees and to enforce settlement

---

[1] The third party filed a notice of judgment lien pursuant to California Code of Civil Procedure § 708.410.

to February 1, 2010.  The Court issues the following order on M&G's motion for reconsideration/to set aside.

*M&G's Argument*

M&G argues that basically two circumstances justify setting aside the dismissal order. First, Defendants refuse to pay the agreed upon settlement amount.  Dismissal of the suit with prejudice was conditioned upon Defendants' payment of $41,000.  Second, the motion to dismiss was filed only by Plaintiff Joe Flores.  M&G was unaware of the requested dismissal and had been negotiating with Defendants regarding non-payment.  Because of the dismissal, M&G is left without an expeditious or ready forum to compel payment from Defendants.  Relief is appropriate under Rule 59 and/or Rule 60.

*Oppositions*

No party has filed an opposition to M&G's motion.  Defendants have filed a notice of non-opposition and point out that the dismissal with prejudice was contemplated upon a receipt of the settlement funds, which has not occurred.[2]

*Discussion*

After reviewing the submissions of the parties, the Court concludes that it erroneously closed the case.  Under the settlement agreement, dismissal with prejudice was conditioned upon receipt of settlement funds.  See Court's Docket Doc. No. 120 at Exhibit A.  The Court was unaware that the parties were experiencing difficulties or in the midst of further negotiations.  On October 28, 2009, the parties informed the Court that settlement had been achieved and that dismissal papers would be filed within thirty days.  See Court's Docket Doc. No. 113.  Flores's requested dismissal, which included a copy of the settlement agreement, was filed on November 12, 2009, that is, within the thirty day period identified in the status report.  See id. at Doc. No. 114.  Given the time frame and the attached and signed settlement agreement, the Court mistakenly concluded that it was receiving the anticipated dismissal papers.  Under these

---

[2] Defendants state that their non-opposition is conditional for the limited purpose allowing them to interplead the settlement funds.  However, even if the Court fails to honor Defendants' condition, Defendants' make no substantive argument for denying motion.

circumstances, and in light of the non-opposition filed by any party, it is appropriate to set aside the Court's November 17, 2009, order and to re-open this case. See Fed. Rs. Civ. Pro. 59, 60.

*Miscellaneous*

By re-opening the case, however, the Court is not ruling on the propriety of an interpleader action at this time. M&G has filed a motion to dismiss an interpleader counter-claim. See Court's Docket Doc. No. 151. However, no interpleader counter-claim has been filed. Instead, Defendants have included a proposed interpleader counter-claim as part of their opposition to M&G's motions to enforce settlement and for attorney's fees. See id. at Doc. No 146 at p.2:12-13 & Exhibit A. As such, M&G's motion to dismiss the interpleader counter-claim will be denied as premature.

At the February 1, 2010, hearing, the parties should come prepared to discuss the intervention motion, the requested interpleader counter-claim, and the impact of the California judgment lien statutes, including California Code of Civil Procedure § 708.440.[3]

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The January 25, 2010, hearing date is VACATED;
2. Plaintiff M&G Farms' motions to enforce settlement agreement and for attorney's fees are CONTINUED to February 1, 2010, at 1:30 p.m. in Courtroom No. 2;
3. Plaintiff M&G Farms' motion for reconsideration/to set aside (Doc. No. 117) is

---

[3] California Code of Civil Procedure § 708.440 reads:

(a) Except as provided in subdivision (c) of Section 708.410, unless the judgment creditor's money judgment is first satisfied or the lien is released, the judgment recovered in the action or special proceeding in favor of the judgment debtor may not be enforced by a writ or otherwise, and no compromise, dismissal, settlement, or satisfaction of the pending action or special proceeding or the judgment procured therein may be entered into by or on behalf of the judgment debtor, without the written consent of the judgment creditor or authorization by order of the court obtained under subdivision (b).

(b) Upon application by the judgment debtor, the court in which the action or special proceeding is pending or the judgment procured therein is entered may, in its discretion, after a hearing, make an order described in subdivision (a) that may include such terms and conditions as the court deems necessary. The application for an order under this subdivision shall be made on noticed motion. The notice of motion shall be served on the judgment creditor. Service shall be made personally or by mail.

   GRANTED;

4. The Court's November 17, 2009, order closing this case (Doc. No. 116) is SET ASIDE;

5. The Clerk shall RE-OPEN this case; and

6. Plaintiff M&G Farms's motion to dismiss the interpleader counter-claim (Document No. 151) is DENIED as premature.

IT IS SO ORDERED.

**Dated:     January 21, 2010**                    **/s/ Anthony W. Ishii**
                                         CHIEF UNITED STATES DISTRICT JUDGE