

FILED

FEB 12 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Joe Flores
PO Box 3086
Visalia, California 93278
Telephone/Fax: (559) 732-4222
Email: cfa4farmers@sbcglobal.net

Plaintiff In Pro Per

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joe Flores, and M&G Farms, Inc., | Case No. 1:07-CV-00334-AWI-DLB |
| Vs. | **OPPOSITION TO DEFENDANT JEWELS MARKETING & AGRIBUSINESS, LC'S BRIEF: EFFECT OF CALIFORNIA JUDGMENT LIEN STATUTES** |
| JEWEL MARKETING and AGRIBUSINESS, LLC., et al. | Date: February 22, 2010<br>Time: 1:30 p.m.<br>Courtroom: 2<br>Judge: Hon. Anthony W. Ishii |

COMES NOW Joe Flores ("Flores") and submits his Opposition to Defendant Jewels Marketing & Agribusiness, Lc's ("Crown Jewels") Brief re Effect of California Judgment Lien Statutes.

Crown Jewels by and through its attorney, Charles K. Manock ("Mr. Manock"), principally argues that even though Flores and M&G Farms, Inc. ("M&G") have defrauded judgment debtor and proposed intervenor Mirabella Farms, Inc., Philippe Markarian and Paquerette Markarian (collectively "Mirabella"), and this Court that nonetheless this Court should still give standing to the settlement agreement because the only parties to the settlement is Crown Jewels and M&G.

Flores hereby incorporates as though fully set forth herein as a further response and opposition to Crown Jewels brief re effects of California Judgment Lien Statutes, all documents in proceedings presently pending before this Court in this action as follows: Flores' Opposition to Mirabella's Motion to Intervene (Court's Docket No. 135) with accompanying Declaration with attached Exhibits 1 - 14 in support thereof (Court's Docket No. 137); M&G's Joinder in Opposition to Mirabella's Motion to Intervene (Court's Docket No. 140) accompanied by Declaration of Henry D. Nunez ("Mr. Nunez") in support thereof (Court's Docket

No. 141) [December 29, 2009]; Flores' Memorandum of Points and Authorities re Court Ordered Initial Briefing re the Effects of the California Judgment Lien Statutes on this Action and on All Pending Motions Before this Court [February 5, 2010]; and Flores' Opposition and Request for Judicial Notice to Mirabella's Notice of Motion to Apply Rights under Judgment to Satisfaction of Lien Pursuant to C.C.P. § 708.470 [February 12, 2010].

## LAW AND ARGUMENT

## CROWN JEWELS ASSERTION THAT FLORES AND M&G WERE SELF DEALING IN ORDER TO AVOID MIRABELLA'S JUDGMENT LIEN

Mr. Manock's assertion that Flores and M&G were self dealing in order to avoid Mirabella's judgment lien has been briefed at length. However, this same issue was raised by Mirabella in their motion to apply rights under judgment to satisfaction of lien pursuant to C.C.P. § 708.470 and appear to contradict Mr. Manock's assertions.

To begin, Defendant Crown Jewels, etc..., memorandum of points and authorities in opposition to Plaintiffs motion to enforce settlement agreement and for attorneys fees and costs [January 8, 2010] (See Court's Docket No. 146) acknowledges as follows:

> "On October 29, 2009, Darryl Horowitt (hereinafter "Horowitt") of Coleman & Horowitt, LLP, contacted Defendant' counsel regarding a recorded judgment lien in favor of his client, Mirabella Farms, Inc., recorded against Flores on May 31, 2008 and demanded that the settlement funds not be turned over to M&G. Manock Decl., at ¶ 7, and Exhibit No. "2" thereto. The lien was filed pursuant to C.C.P. § 708.410 to be attached upon any settlement or judgment rendered in favor of Flores, in the total amount of $49,537.86 plus interest." [emphasis added] (See Crown Jewels Memorandum of Points and Authorities in Opposition to Plaintiffs Motion to Enforce Settlement Agreement and for Attorneys Fees at Court's Docket No. 146, 3:22 - 27).

While on the other hand, in Defendant Jewels Marketing & Agribusiness, LC's brief re effect of California judgment lien statutes [February 5, 2010], Mr. Manock contends differently than the above statement in that:

> "Subsequently Counsel became suspicious of Flores' undisclosed involvement and asked for assurances due to concern about the judgment lien and the desire to avoid potential litigation. At this point, M&G admitted

to paying Flores. Manock Decl., at ¶ 15. <u>As soon as Counsel was aware that Flores had secretly been paid money, Counsel complied with the statutes and notified the judgment creditor of the settlement agreement</u>." [emphasis added] (See Defendant Jewels Marketing & Agribusiness, LC's brief: effect of California judgment lien statutes [February 5, 2010] at 5:7 - 11).

Both above statements were incorporated in Declaration of Mr. Manock in support of the motion of January 8, 2010 as well as the brief of February 5, 2010. This statement not only contradict each other, but are rather dubious i.e., Mr. Manock should have invited Mirabella to participate in mediation as a party instead of waiting until he first achieved a settlement to benefit Crown Jewels. Moreover, Mr. Manock further asserts that:

"On November 11, 2009, Mr. Nunez informed Defendants' counsel that <u>M&G had paid Mr. Flores money and that the payment was the reason Mr. Flores was willing to forgo participation in the mediation</u>. Manock Decl. At ¶ 12. Mr. Nunez further stated that 15% of the Settlement amount could be held out until the issue of the lien could be resolved." [emphasis added] (See Jewels Marketing Memorandum of Points and Authorities at Court's Docket No. 146, 4:18 - 21).

The November 11, 2009 statement has in and of itself contradiction. On the one hand Mr. Manock acknowledges that Mr. Nunez informed him that M&G had already paid Flores, and in the same ¶ Mr. Manock discloses that Mr. Nunez stated that 15% of the settlement amount could be held until the issue of the lien could be resolved. Why would Mr. Nunez on the one hand tell Mr. Manock that Flores has already been paid by M&G, and on the other hand suggest that 15% of the settlement be put aside until the issue is resolved. This has the sound of M&G having to forego whatever amount was asserted as paid to Flores twice. The statement by Mr. Manock of November 11, 2009 is reinforced in his declaration submitted in support of Crown Jewels' opposition to M&G's motion to enforce settlement. (See Court's Docket No. 147 at ¶ 15).

In addition to Mr. Manock's contradicting himself on the purported payment by M&G to Flores in his own moving papers, Mirabella submitted a more highly contradictory statement that:

"The parties in the pending lawsuit have reached a settlement agreement in which FLORES is not directly paid by the defendants through the

settlement. Rather, M&G FARMS, INC. is paid the sum of $41,000.00 and in turn M&G FARMS, INC. paid FLORES." (See Mirabella's Noticed of Motion to Apply Rights under Judgment to Satisfaction of Lien Pursuant to C.C.P. § 708.470 [February 5, 2010] at 4:23 - 25).

This statement is rather convoluted as to whether Flores has already been paid whatever alleged sum, or that Flores will get paid after M&G is paid the sum of $41,000.00.

In any event, all of the purported alleged sums of proceeds that Mr. Manock alleges Flores has received or will receive from M&G, amount to mere hearsay and are rather dubious for reasons of self preservation from what amounts to be a possible negligent malpractice suit against Mr. Manock and the law firm of Baker, Manock & Jensen by the remaining Defendants in this action that were not included in mediation nor, signed the settlement agreement of October 21, 2009.

Flores has already submitted his declaration setting forth a chronology of events that transpired through correspondences marked as Exhibit No's. 1 - 14 as well as attesting that Flores has not received one-cent from the settlement achieved between Crown Jewels and M&G. (See Declaration of Joe Flores in support of his Opposition to Mirabella's Motion to Intervene [December 16, 2009] at Court's Docket No. 136 at ¶ 24.

WHEREFORE, in lieu of the above stated, the Court is respectfully requested to order that Crown Jewels Counsel Charles K. Manock and Mirabella's assertion that Flores has received proceeds from the settlement agreement as hearsay and for that other and further relief the Court may deem just and property.

Date: February 12, 2010

Respectfully Submitted by:

Joe Flores, in pro per

JOE FLORES' OPPOSITION TO JEWELS
MARKETING BRIEF...                                         Page 4