IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE FLORES, and M&G FARMS, INC., ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> JEWELS MARKETING AND ) <br> AGRIBUSINESS, et. al., ) <br> ) <br> Defendants. ) <br> _____ ) | 1:07-CV-334 AWI DLB <br><br> **ORDER RESETTING HEARING TO MARCH 15, 2010** |

Currently pending before this Court is M&G's motions to enforce settlement and for attorney's fees, Defendant's request for interpleader, and a third party's motions to intervene as a matter of right and motion to enforce rights under C.C.P. § 708.470. These matters, with the exception of the motion to enforce rights, were reset to be heard on February 22, 2010.

In setting this hearing date, the Court ordered the parties to "brief the effects of the California judgment lien statutes, including but not limited to [C.C.P.] § 708.440 and § 708.470, on all pending motions before the Court, including the requested interpleader." The Court has received the additional briefing. However, the Court believes that there is an issue that has not been addressed.

A key to the resolution of all pending matters is the judgment lien filed by Mirabella.[1]

---

[1] "Mirabella" refers to the third parties: Mirabella Farms, Phillipe Markarian, and Paquerette Markarian.

The parties have not addressed the validity of this lien in relation to C.C.P. § 708.410(b).[2] That section reads, "To obtain a lien under this article, the judgment creditor shall file a notice of lien and an abstract or certified copy of the judgment creditor's money judgment in the pending action or special proceeding." C.C.C.P. § 708.410(b); see Waltrip v. Kimberlin, 164 Cal.App.4th 517, 531 (2008). The judgment lien statutes are strictly construed. See Casa Eva I Homeowners Ass'n v. ANI Construction & Tile, Inc., 134 Cal.App.4th 771, 778 (2005). The notice of lien in this case was filed on June 3, 2008. See Court's Docket Doc. No. 64. What was not included in the filing, however, was either an abstract of judgment or a certified copy of the judgment. Therefore, it appears that Mirabella's lien may be invalid. This is significant because "an act beyond those limits [of the judgment lien statutes] is in excess of [a court's] jurisdiction and void." Casa Eva, 134 Cal.App.4th at 778-79. The parties, including Mirabella, shall address whether there is a valid § 708.410 lien in this case and what effects the answer to that question will have on the pending motions, including the requested interpleader.[3]

Because the validity of Mirabella's lien with reference to § 708.410(b) has not been raised previously, the Court believes that raising the issue at the hearing would simply result in additional briefing and an additional hearing. To save the time that an additional hearing would require, it is advisable to receive the additional briefing prior to the hearing. The Court does not foresee that the hearing will be moved again after receiving the additional briefing.

Additionally, the Court notes that Defendant has relied on a tort case and the Restatement 2d of Torts for its defense to M&G's motion to enforce settlement. In the additional briefing, Defendant should cite the Court to any contract cases that have applied the cited tort defense or explain why the tort defense should apply to M&G's contract claim.[4]

Finally, Mirabella's motion to enforce rights (Document No. 154) was filed on February

---

[2] The Court notes that Flores has argued that the lien is not valid for failure to comply with C.C.P. § 708.420. However, the notice of lien filed on June 3, 2008, includes a pre-printed form that does in fact contain all of the "disclosures/statements" required by § 708.420. Cf. Court's Docket Doc. No. 64 with C.C.P. § 708.420.

[3] Mirabella should expressly address the Defendant's requested interpleader.

[4] The Court will construe a failure by Defendant to cite a California contract case as an admission that no California courts have recognized and applied the relied upon tort defense in a contract case.

2

5, 2010 and set for hearing February 22, 2010. This does not comply with the local rules. See Local Rule 230(b). The Court will allow additional opposition and an opportunity to reply in light of the new hearing date.

Accordingly, IT IS HEREBY ORDERED that:

1. The February 22, 2010, hearing is VACATED;
2. The parties shall file the initial briefing, as described above, on or by 4:00 p.m. on February 26, 2010;
3. The parties shall file responses to the initial briefing on or by 4:00 p..m., on March 5, 2010;
4. Any party may file an opposition to Mirabella's motion to enforce rights (Doc. No. 154) on or by March 1, 2010;
5. Mirabella may file a reply to any opposition to its motion to enforce rights (Doc. No. 154) on or by March 8, 2010; and
6. The hearing on all pending motions, including the requested interpleader, is RESET to March 15, 2010, at 1:30 p.m.

IT IS SO ORDERED.

**Dated:   February 18, 2010**                       /s/ Anthony W. Ishii
                                                 CHIEF UNITED STATES DISTRICT JUDGE