Henry D. Nunez, #063412
Law Offices of Henry D. Nunez
4478 West Spaatz Avenue
Fresno, California  93722
Telephone: (559) 437-9200
Fax: (559) 437-3927

Attorney for Plaintiff  M&G Farms, Inc.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Joe Flores, and M&G Farms, Inc., | Case No.  1:07-CV-00334-AWI-DLB |
| Plaintiffs, | |
| Vs. | **M&G FARMS, INC'S. RESPONSE TO JEWELS MARKETING & AGRIBUSINESS, LLC'S, OPPOSITION TO PLAINTIFFS REQUEST FOR ADDITIONAL COSTS** |
| JEWEL MARKETING and AGRIBUSINESS, LLC., et al., | Date:   Oral Hearing Taken Off Calendar With The Court Taking the Matter Under Submission |
| Defendants. | Courtroom:  9 |
| | Judge:   Hon. Anthony W. Ishii |

Plaintiff M&G Farms, Inc. (M&G) here now submits its response to Defendant Jewels Marketing & Agribusiness, LC's (Crown Jewels) Opposition to Plaintiffs Request For Additional Costs.

On March 11, 2010 the Court ordered that Plaintiffs may file a response to Defendants' late filed opposition (Court's Docket No. 187).  Plaintiff herein objects to the late filed opposition and request that it be rejected as filed late.

The arguments as set forth on Defendants' late filed opposition are very similar and mirrors the language of previous briefs that were filed by Defendants.    In this regard, M&G request that all previously filed briefs on this matter filed by M&G  and Plaintiff Joe Flores (Flores)  on all issues and arguments interposed with regards to  Crown Jewels'  breach of the settlement agreement  be incorporated  as though fully set forth herein.

## NECESSARY ELEMENTS OF BREACH OF CONTRACT
## CLAIM AGAINST CROWN JEWELS HAVE BEEN MET

The settlement agreement of October 21, 2009 was entered into by and between Crown Jewels Marketing, Inc., M&G and Flores.

At the onset of the commencement of mediation which led to the settlement agreement, Mr. Manock knew or should have known that Mirabella had on June 3, 2008 filed their notice of lien to enforce a judgment against Flores (See Court's Docket No. 64). Mr. Manock having said knowledge of the judgment lien against Flores conveniently bypassed Mirabella's judgment lien against Flores when Mr. Manock negotiated the settlement on behalf of Crown Jewels Marketing, Inc. Mr. Manock and Plaintiff ignored Mirabella because Flores was not receiving any proceeds whatsoever from the settlement entered into. The only party's that were going to receive anything from the $41,000,00 was M&G and M&G's attorney, Henry D. Nunez. This was the agreement and there is no ambiguity. The terms are clear.

However, after the settlement agreement was signed by all parties, Mr. Manock raised the issue of the Flores lien. Had the Flores lien been raised prior to the settlement the amount to M&G would have been the same. The lien issue was after the agreement was signed and there did not exist a valid claim on the settlement proceeds. The delay caused a breach of the agreement.

As above stated, Mr. Manock knew or should have known that Mirabella filed their judgment lien against Flores on June 3, 2008, and for Mr. Manock to now come to this Court and say:

> "Throughout the process, as soon as Defendants became aware of a competing claim, Defendants in good faith submitted the issue to the Court," (See Defendant Jewels Marketing & Agribusiness, LC's. Response Brief Re: Plaintiff's Request for Additional Costs (Court's Docket No. 183) at 4:27 - 28).

This statement is not well placed and is not correct.

## REQUEST FOR LEAVE TO FILE INTERPLEADER WAS
## UNREASONABLY DELAYED

1  The settlement agreement was signed by all parties on October 21, 2009.  The first mention of Defendants request to interplead the settlement funds was not made until January 8, 2010 (See Court's Docket No. 145 at 2:8 - 9).

The United States District Court for the Eastern District of California, 2007 U.S. District, LEXIS 14526 found that under California law an unreasonable delay in paying a covered claim may support a claim both for breach of contract and breach of the implied covenant of good faith and fair dealing.  (See *Austero V. Nat'l. Case. Co.*, 84 Cal.App. 3d 1, 26, 29-30, 148 Cal.Rptr. 653 (1978); *Amadeo V. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1162 (9th Cir.. 2002).  As cited in the matter of *United Life Insurance Co. V. Donna Grant,* Case No. 2:05-CV-1716-MICE-DAD, 2007 U.S. District LEXIS 14526 at p. 5.

On February 26, 2010, M&G corresponded with Mr. Manock requesting payment of $41,000.00 plus an additional $5,000.00 for cost, interest and attorney's fees in prosecuting the instant motion to enforce the settlement agreement.  (See Correspondence from Henry D. Nunez to Charles K. Manock (February 26, 2010) attached to Declaration of Charles K. Manock in support of Defendants Response Brief Re:  Additional Cost, marked as Exhibit A).

On March 2, 2010, Mr. Manock corresponded with the Henry D. Nunez and enclosed a check for the amount agreed to in the settlement agreement of October 21, 2009 in the amount of $41,000.00.

The Court is reminded that the only parties to receive the $41,000.00 was M&G and Henry D. Nunez, with Joe Flores receiving none of the proceeds from the settlement.  The Court is further reminded that Mirabella filed its judgment lien on June 3, 2008, only against judgment debtor Joe Flores, and that said judgment lien did not and does not effect M&G, or Henry D. Nunez.

Wherefore, the Court is requested to find that Defendants <u>did</u> breach the Terms of settlement agreement of October 21, 2009;  that M&G will be allowed 10 days after order of the Court to file its memorandum of costs per written settlement agreement;  and for that other and further relief the Court deems just and proper.

Respectfully Submitted by:

1
2
3 March 19, 2010
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF HENRY D. NUNEZ

 /s/-Henry D. Nunez
Henry D. Nunez,
Attorney for M&G Farms, Inc.