IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| JOE FLORES, and M&G FARMS, INC., )<br>)<br>  Plaintiffs,  )<br>  v.  )<br>)<br>JEWELS MARKETING AND )<br>AGRIBUSINESS, et. al.,  )<br>)<br>  Defendants.  )<br>_____ ) | 1:07-CV-334 AWI DLB<br><br>ORDER ON PLAINTIFF'S<br>MOTION TO ENFORCE<br>SETTLEMENT, PLAINTIFFS'<br>MOTION AND REQUEST FOR<br>ATTORNEY'S FEES, AND<br>DEFENDANTS' REQUEST TO<br>INTERPLEAD<br><br>(Doc. Nos. 121, 122) |


This is a PACA case that was brought by Joe Flores ("Flores") and M&G Farms ("M&G") against Jewels Marketing and related Jewels personnel (collectively "Jewels"). The case appeared to have settled following a mediation in October 2009. Settlement became complicated when third parties attempted to intervene in the case and prevent execution of the settlement agreement. The third party's attempts were ultimately unsuccessful, but this case remains on-going. Currently pending before the Court are M&G's motion to enforce settlement agreement and motion for attorney's fees, Flores's request for costs/fees, and Defendants' request to interplead settlement funds. For the reasons that follow, the request to interplead settlement funds will be denied, M&G's motions will be denied, Flores's request for attorney's fees will be denied, and the parties will either file a stipulation for dismissal or a status report.

**GENERAL BACKGROUND**

M&G contends that Defendants owe it money under a marketer-grower agreement. Flores seeks damages against Jewels as a partial assignee of M&G.  Third parties consisting of Mirabella Farms, Phillipe Markarian, and Paquerette Markarian ("Mirabella") filed a notice of judgment lien against Flores on June 3, 2008.  See Court's Docket Doc. No. 64.  The lien was filed pursuant to California Code of Civil Procedure § 708.410[1] in the amount of $49,537.86.  Id.

The Court granted Jewels's motion to compel arbitration on July 9, 2007.  See id. at Doc. No. 58.  Plaintiffs resisted arbitration, and eventually the parties went to mediation.  The mediation lasted over two sessions (July 24, 2009, and October 21, 2009).  At the first session, Flores was present.  At the second session, Flores was not present.  Flores states that Defendants' attorney insisted that Flores not attend.  Settlement was achieved during the second session.  The settlement provides for dismissal of "the claims and case with prejudice" in exchange for $41,000.  See id. at Doc. No. 124 Exhibit A.  The $41,000 was to go to M&G only.  See id.  No provision is made for Flores to receive any money.  See id.  The settlement is signed by representatives for M&G, representatives for Jewels, and Flores.  See id.

On October 28, 2009, the parties informed the Court that settlement had been achieved and that dismissal papers that would dispose of the action would be filed within thirty days. See id. at Doc. No. 113.

On October 29, 2009, Mirabella contacted Jewels and demanded that the settlement funds not be turned over to M&G.  See Doc. No. 147 at ¶ 7.  The basis for the demand was Mirabella's lien against Flores.  See id.  Mirabella viewed the settlement as a ruse to fraudulently avoid the judgment lien.  See id. at ¶ 14, Exhibit 7; Court's Docket Doc. No. 126 at p. 6.

On November 12, 2009, Flores filed a request for dismissal, which included a copy of the settlement agreement.  See Court's Docket Doc. No. 114.  Flores requested dismissal without prejudice.  See id.  Given the time frame and the attached and signed settlement agreement, the Court believed it was receiving the dismissal papers alluded to in the parties' October 28 filing.

---

[1]A reference to "§ 708" refers to the California Code of Civil Procedure.

2

1  See id. at Doc. No. 152.  To conform to the settlement agreement, the case was dismissed with

2  prejudice on November 17, 2009.  See id. at Doc. No. 116.

3      On November 24, 2009, M&G moved for reconsideration of the dismissal, moved to

4  enforce the settlement agreement, and moved for attorney's fees.[2]  See id. at Doc. Nos. 117, 121,

5  122.  Reconsideration was requested because the dismissal was filed only on behalf of Flores, the

6  $41,000 had not been paid, and M&G and Jewels were in negotiations over the lack of payment.

7  See id. at Doc. No. 117.

8      On December 4, 2009, Mirabella moved to intervene.  See id. at Doc. No. 126.  Mirabella

9  argued that it was entitled to a portion of the $41,000 settlement and the plaintiffs were

10  fraudulently trying to structure the settlement to avoid the judgment lien.  See id.

11      On January 8, 2010, Defendants filed an opposition to the motions for settlement

12  enforcement and attorney's fees.  See id. at Doc. No. 146.  Jewels stated in part that, during

13  negotiations with M&G regarding payment of the $41,000, M&G's counsel stated that M&G had

14  already paid Flores $6,150.  See id.  Defendants also requested to interplead the $41,000 and

15  attached a proposed interpleader complaint.  See id.

16      On January 22, 2010, the Court granted reconsideration of the dismissal order and

17  reopened the case.  See id. at Doc. No. 152. The Court granted reconsideration because the

18  requested dismissal had been misinterpreted by the Court and because there was no opposition to

19  re-opening the case.  See id.

20      On February 5, 2010, Mirabella filed a motion to enforce/apply its rights under § 708.470.

21  See id. at Doc. No. 154.

22      Between January 27 and February 18, 2010, the Court ordered the parties to submit

23  additional briefing regarding the effect of the California judgment lien statutes on the all pending

24  motions and requests.

25      On February 22, 2010, Mirabella filed a brief that conceded the invalidity of its judgment

26  lien.  See id. at Doc. Nos. 175, 176.  On February 23, 2010, the Court denied Mirabella's motions

27

28      [2]The motions to enforce settlement and for attorneys fees were neither brought, nor joined, by Flores.  Thus, these motions are exclusively M&G's.

to intervene and to apply rights since Mirabella did not follow the requirements of § 708.410(b) and thus, Mirabella's judgment lien was invalid.  See id. at Doc. No. 178.

After denying Mirabella's motion and ending its involvement in this case, the Court received additional briefing from the parties, the last submission being filed on March 19, 2010. As part of the additional briefing, Flores requests fees from Jewels regarding the denial of Mirabella's intervention motion.  See id. at Doc. No. 181.  Additionally, Jewels has indicated that it sent a check to M&G for $41,000 following the denial of Mirabella's motion.  See id. at Doc. No. 184.

## I.      JEWEL'S REQUEST TO FILE A COUNTERCLAIM INTERPLEADER

Jewels requested leave to file a counterclaim interpleader under Federal Rule of Civil Procedure 22(a)(2).  See Court's Docket Doc. No. 146.  The basis for Jewel's request for interpleader was Mirabella's demand for a portion of the $41,000.  See id.  However, when Mirabella conceded the invalidity of its lien, it dropped its involvement with the case and apologized to the Court and the parties.  See id. at Doc. No. 176.  The Court then denied Mirabella's motion to intervene.  See id. at Doc. No. 178.  Also, as stated above, Jewels has surrendered possession of the $41,000 to M&G.  Due to Mirabella's concession, the Court's order denying Mirabella's motions, and Jewels's payment to M&G, there are no longer multiple claims to the $41,000.  See Fed. R. Civ. Pro. 22; Bianchi v. Walker, 163 F.3d 564, 569 (9th Cir. 1998).  To the extent that Jewels's requested interpleader is not moot, it is now formally denied.

## II.     M&G'S MOTION TO ENFORCE SETTLEMENT

Jewels has indicated through its counsel's declaration that it has now paid M&G the $41,000 as required by the settlement.  See Court's Docket Doc. No. 184 at ¶ 6.  M&G does not dispute that it has received the agreed upon $41,000.[3]  Since there is no dispute that M&G has paid, the Court will deny the motion to enforce the settlement as moot.

---

[3]It appears that M&G received the $41,000 on March 8, 2010.  See Court's Docket Doc. No. 179 at p.2.

1    **III.      JEWEL'S MOTION FOR ATTORNEY'S FEES**

2    *M&G's Argument*

3    M&G argues that settlement was achieved at the October 21, 2009, mediation.  The terms

4    provide for Jewels to pay M&G $41,000 within ten days of October 21, 2009.  Jewels did not pay

5    within ten days and thus, breached the contract.  The settlement agreement also provides, "In the

6    event of breach of this agreement, the prevailing party shall be entitled to attorneys fees and

7    costs."  Because Jewels did not pay and thus breached, M&G should be awarded its fees and

8    costs according to proof.

9    M&G also argues that Jewels's reliance on Mirabella's claim to the $41,000 is

10   unavailing.  Jewels knew or should have known that Mirabella filed its notice of judgment lien

11   against Flores on June 3, 2008.  Despite knowledge of the lien, M&G negotiated a settlement and

12   ignored Mirabella because Flores was to receive nothing.  Also, the lien is against Flores, not

13   M&G.  The settlement provides that the full $41,000 be paid to M&G and that Flores receive

14   nothing.  Because Flores was to receive no cash under the settlement agreement, Mirabella had

15   no claim to the $41,000.  Also, although settlement was achieved on October 21, Jewels did not

16   request interpleader until January 8, 2010.  It has been recognized that, under California law, an

17   unreasonable delay in paying a covered claim may support a claim for both breach of contract

18   and breach of good faith.  See United Life Ins. C. v. Grant, 2007 U.S. Dist. LEXIS 14526, *5

19   (E.D. Cal. 2007).

20   *Jewels' Opposition*

21   Jewels argues that, where there are multiple claims to money, a stakeholder is not liable

22   for breach of contract where the stakeholder attempts to interplead the funds.  Jewels never stated

23   that it was unwilling to pay, rather, it was unsure who to pay.  California law recognizes that

24   there is no conversion when a third party in possession of an asset refuses to turn over the asset

25   after receiving claims from multiple sources for the asset.  In such a situation, the proper

26   procedure is to interplead.  Because of the claims made by Mirabella, Jewels did not breach the

27   settlement agreement when it did not pay M&G.

28

1    *Discussion*

2        There is no doubt that Jewels failed to follow the settlement agreement when it did not

3    pay M&G the $41,000 within ten days of October 21, 2009.  However, the reason for non-

4    performance was Mirabella's claim to some portion of the $41,000.  Mirabella's claim to that

5    money began to materialize within the ten day window for payment.  Specifically, it appears that

6    Mirabella began to assert a claim to the $41,000 on October 29, 2009, when its counsel contacted

7    Jewels's counsel.  See Court's Docket Doc. No. 136 at Exhibit 3.  That claim was based on its

8    recorded judgment lien.  Mirabella's assertion later developed into a formal motion to intervene

9    and a motion to apply its rights under § 708.470, the object of both motions was to obtain some

10   portion of the $41,000.  See id. at Doc. Nos. 126, 154.  Prior to Mirabella's motion to intervene,

11   all parties had some form of contact with Mirabella.  See Court's Docket Doc. No. 136 at Exhibit

12   8; Doc. No. 147 at ¶¶ 7, 14 & Exhibit 7.

13       Because multiple parties were making a demand for the $41,000 from Jewels, attempting

14   to interplead that money was proper.  See Bianchi, 163 F.3d at 569; Washington Elec. Coop., Inc.

15   v. Paterson, Walke & Pratt, P.C., 985 F.2d 677, 679 (2d Cir. 1993); see also Minnesota Mut. Life

16   Ins. Co. v. Ensley, 174 F.3d 977, 980 (9th Cir. 1999).  When a party acknowledges that money is

17   due under a contract, but does not know to whom to pay the money because multiple claimants

18   make demands for the money, an attempt to interplead the money does not amount to a breach of

19   the contractual duty to pay.  See Minnesota Mut., 174 F.3d at 981; National Life Ins. Co. v.

20   Alembik-Eisner, 582 F.Supp.2d 1362, 1369-70 (N.D. Ga. 2008); Abstract & Title Guar. Co. v.

21   Chicago Ins. Co., 2006 U.S. Dist. LEXIS 31081, *1, *12-*13 (S.D. Ind. May 12, 2006);

22   Schwartz v. State Farm Fire & Casualty Co., 88 Cal.App.4th 1329, 1341 (2001).  Here, because

23   of Mirabella's and M&G's respective claims to the $41,000, Jewels did not breach the settlement

24   agreement when it refused to pay and instead attempted to file an interpleader counterclaim.  See

25   Minnesota Mut., 174 F.3d at 981; Abstract & Title, 2006 U.S. Dist. LEXIS 31081 at *12-*13;

26   Schwartz, 88 Cal.App.4th at 1341.

27       M&G relies on *Grant*, a case from the Sacramento Division of this District.  In *Grant*, a

28   life insurance company attempted to interplead the proceeds of a life insurance policy after more

6

than fourteen months had passed from the date the claim was submitted.  See Grant, 2007 U.S.

Dist. LEXIS 14526 at *2.  Mrs. Grant filed a cross-complaint against the insurer and alleged a

willful delay in paying benefits.  See id. at *3.  The court found it proper to interplead the funds.

See id. at *3-*4.  As for the cross-complaint, the court recognized that California permits breach

of contract and bad faith claims against an insurance company if the company unreasonably

delays in paying a covered claim.  See id. at *5.  The insurer had waited more than one year

before it even forwarded Mrs. Grant's claim to the legal department to determine if interpleader

would be appropriate, the insurer's personnel stated that the delay was unusual, and the insurer

did not begin independent investigation of the claim until after fourteen months.  See id. at *5-

*7.  Because the evidence suggested "dilatory claims handling" under California law, the insurer

had to face Mrs. Grant's claims despite the propriety of the interpleader.  See id. at *8.

In the case at bar, however, we are not dealing with dilatory claims handling by an

insurer, and Jewels's delay in requesting interpleader was nothing close to fourteen months.

Indeed, throughout November, M&G, Flores, Jewels and Mirabella exchanged correspondences

regarding how to proceed in the face of Mirabella's claim.  See Court's Docket Doc. No. 136 at

Exhibits 3-11, 14; Doc. No. 147 at Exhibit 3-8.  On November, 24, 2010, M&G filed its motions

to enforce settlement and for attorney's fees.  See id. at Doc. Nos. 121, 122.  Hearing on the

motions was set for January 25, 2010, see id., and Jewels's opposition to those motions was filed

on January 8, 2010, which was within the time frame set by the Local Rules in which to file an

opposition.  See id. at Doc. No. 146; Local Rule 230.  Included in that opposition was the request

for interpleader.  See id. at Doc. No. 146.  Importantly, the Local Rules provide that, "Any

counter-motion or other motion that a party may desire to make that is related to the general

subject matter of the original motion shall be served and filed in the manner and on the date

prescribed for the filing of [an] opposition."  Local Rule 230(e).  Thus, Jewels's requested

interpleader was within the parameters of Local Rule 230(e).  Considering the correspondence

amongst the parties, the January 25, 2010, hearing date, and Local Rule 230(e), it was not

unreasonable for Jewels to wait until January 8, 2010, to request the interpleader.  In other words,

the length of the delay, the activity by the parties, and the procedural posture of this case are all

1   materially different from *Grant*. Jewels's delay in requesting interpleader does not make it liable

2   to M&G for breach of contract.

3        M&G also argues that Jewels was aware of the judgment lien, but nevertheless negotiated

4   a settlement in which Flores would receive nothing. The Court assumes that M&G is attempting

5   to make some form of equitable estoppel argument.[4]  However, M&G's point about Jewels's

6   knowledge applies equally to itself. All parties, including M&G, had notice of Mirabella's

7   judgment lien because the notice of lien was filed in this Court on June 3, 2008. <u>See</u> Court's

8   Docket Doc. No. 64. When there is a valid recorded judgment lien, the judgment debtor cannot

9   settle a claim or the case without the approval of either the judgment creditor or the court.[5] <u>See</u>

10  Cal. Code Civ. Pro. § 708.440(a); <u>Waltrip v. Kimberlin</u>, 164 Cal.App.4th 517, 530-31 (2008);

11  <u>Oldham v. California Capital Fund, Inc.</u>, 109 Cal.App.4th 421, 429 (2003). All parties should

12  have considered Mirabella's claim and the effects that the judgment lien would have on any

13  settlements. That the case would be dismissed, Flores would receive nothing, but that M&G

14  would receive $41,000, are circumstances that the parties should have known would raise

15  Mirabella's suspicions and create possible problems. In the absence of citation to contrary

16  authority, it appears to the Court that, since all parties were aware of Mirabella's lien, all parties

17  ran the risk that Mirabella might delay the proceedings or challenge the settlement. <u>Cf.</u> <u>EEOC v.</u>

18  <u>Recruit U.S.A., Inc.</u>, 939 F.2d 746, 752 (9th Cir. 1999) (generally discussing the doctrine of

19  unclean hands); <u>Wilson v. S.L. Rey, Inc.</u>, 17 Cal.App.4th 234, 244 (1993) (same). Jewels's

20  knowledge of the lien does not make it liable to M&G for breach under these circumstances.

21        M&G also emphasizes that Flores was to receive nothing under the settlement and that

22  M&G (and its attorney) were the only parties who would receive money. Although not clearly

23  explained by M&G, the Court assumes that M&G is attempting to argue that Mirabella's lien

24  should not have precluded Jewels from paying because it was only M&G who would receive

25

26        [4]M&G cites no authority in making this argument.

27        [5]The Court realizes that Mirabella's judgment lien was ultimately found to be invalid. <u>See</u> Court's Docket
    Doc. Nos. 175, 176, 178. However, it was the Court that required briefing on § 704.410(b), and prior to February
28  2010, and more pertinently as of October 21, 2009, there is no indication that the judgment lien appeared to be
    anything other than valid to the parties.

money under the settlement, and Mirabella had no lien against M&G.

The judgment lien statutes are strictly construed and followed, and conduct that does not conform to those statutes is ineffective.  See Casa Eva I Homeowners Ass'n v. ANI Construction & Tile, Inc., 134 Cal.App.4th 771, 778-79 (2005).  As stated above, once proper notice of a judgment lien is made, "[u]nless the judgment lien is first satisfied, no settlement of the pending action may be entered into on behalf of the judgment debtor without the written consent of the judgment creditor or authorization by court order."  Waltrip, 164 Cal.App.4th at 530-31 (citing § 708.440); see Cal. Code Civ. Pro. § 708.440(a); Oldham, 109 Cal.App.4th at 429; see also Roseburg Loggers, Inc. v. U.S. Plywood-Champion Papers, Inc., 14 Cal.3d 742, 746 n.4 (1975) (discussing statutory predecessor of § 708.440); In re Marriage of Katz, 234 Cal.App.3d 1711, 1719 (1991) (same).  This rule was intended in part to prevent a judgment debtor from entering into collusive agreements/settlements in order to avoid the judgment creditor's lien.  See Casa Eva I, 134 Cal.App.4th at 783-84; Oldham, 109 Cal.App.4th at 430-31; Marriage of Katz, 234 Cal.App.3d at 1719; Atiya v. Di Bartolo, 63 Cal. App. 3d 121, 126 (1976).  A court need not approve a settlement, and the settlement will be ineffective, if the court determines that there was collusion to evade a judgment lien.  See Oldham, 109 Cal.App.4th at 431-32; Abatti v. Eldridge, 112 Cal.App.3d 411, 415 (1980).

In the case at bar, Flores was a party to the settlement.[6]  Flores signed the settlement, even though he was not to receive anything under the settlement.  See Court's Docket Doc. No. 124 Exhibit A.  The settlement agreement provided for the dismissal of the entire case, and the parties informed the Court that they had achieved settlement and would be filing papers that would

---

[6]The Court notes that Jewels took the position in supplemental briefing that Flores was not a party to the settlement.  See Court's Docket Doc. No. 162 at p.5.  That position appears to be based on Flores's requested dismissal in November 2009.  See id. at Doc. Nos. 114, 162 at p.5, 163 at ¶ 13.  However, the settlement is signed by Flores, see id. at Doc. No. 124 Exhibit A, the settlement states that it is "by and between Crown Jewels Marketing, Inc. and M&G Farms Inc. a corporation et. al and M&G Farms, Inc. vs. Jewels Marketing et. al case 1:07 CV-00334 AWI-WMW and AAA case 74-5500-157-07-BRBA including Joe Flores," Id. (emphasis added), and all parties submitted a status report that informed the Court that the case had settled and that the action would be dismissed.  See id. at Doc. No. 113.  If Flores was not meant to be a part of the settlement agreement, then his signature should not have been obtained, his name should not have appeared in the recitations of the settlement, and the Court does not know how the parties, consistent with Rule 11, could have filed the status report informing it that settlement had been achieved and the action would be dismissed.  Jewel's position in the supplemental briefing is not persuasive.

1  request the dismissal of the action.  See id. at Doc. Nos. 113, 124 Exhibit A.  In other words, the

2  settlement agreement had the effect of disposing of both M&G and Flores's claims and ending

3  the entire case.  See id.  This is significant under the judgment lien statutes.  Because Flores

4  signed on to a settlement that would end the entire case and dispose of his claims, in order for the

5  settlement to be valid and enforceable, either Mirabella had to consent to the settlement or the

6  Court had to approve the settlement.  See Cal. Code Civ. Pro. § 708.440(a); Waltrip, 164

7  Cal.App.4th at 530-31; Casa Eva I, 134 Cal.App.4th at 778-79; Oldham, 109 Cal.App.4th at 429-

8  31.  That the settlement does not itself provide a monetary benefit to Flores does not make §

9  708.440(a) inapplicable.  By its plain language, § 708.440(a) applies when any settlement by a

10  judgment debtor is attempted.  See Cal. Code Civ. Pro. § 708.440(a);[7] cf. Casa Eva I, 134

11  Cal.App.4th at 775, 784.

12      Therefore, at the time of the settlement and the time that Mirabella contacted Jewels

13  regarding the judgment lien, the validity and the enforceablity of the settlement were dependent

14  upon § 708.440(a), irrespective of the fact that the settlement made no financial provision for

15  Flores.[8]  In turn, the application of § 708.440(a) depended upon the validity of Mirabella's

16  judgment lien.  When it was determined that Mirabella's lien was invalid, it was at that time that

17  § 708.440(a) became inapplicable and the settlement became enforceable.  Until the invalidity of

18  the lien was determined in February 2010, the settlement could not be enforced, again

19  irrespective of Flores not receiving any money under the settlement.

20      In sum, M&G's motion for attorney's fees will be denied since Jewels did not breach its

21  contractual duty to pay.  See Minnesota Mut., 174 F.3d at 981;Schwartz, 88 Cal.App.4th at 1341.

22

23

24  [7]Section 708.440(a) reads:

25  Except as provided in subdivision (c) of Section 708.410, unless the judgment creditor's money judgment is first satisfied or the lien is released, the judgment recovered in the action or special proceeding in favor of the judgment debtor may not be enforced by a writ or otherwise, and no compromise, dismissal, settlement, or satisfaction of the

26  pending action or special proceeding or the judgment procured therein may be entered into by or on behalf of the judgment debtor, without the written consent of the judgment creditor or authorization by order of the court obtained

27  under subdivision (b).

28  [8]Further, the settlement agreement, while perhaps not intended to be an evasion, gives the appearance that it is structured to avoid the judgment lien because the case terminates with only M&G getting paid.

**IV.     FLORES'S REQUESTED ATTORNEY'S FEES**

In supplemental briefing regarding M&G's motions to enforce settlement and attorney's fees, Flores requests that he be allowed to submit a memorandum regarding the costs that he as incurred from the time of Jewels's breach to the present.  Flores bases this request on the ground that he "prevailed against Mirabella, which was a direct result of [Jewels's] breach of the settlement agreement . . . ."  However, as discussed above, Jewels did not breach the settlement agreement.  Flores's request to submit costs against Jewels will be denied.

## CONCLUSION

There are four motions/requests before the Court: (1) a motion to enforce settlement by M&G; (2) a motion for attorney's fees and costs by M&G; (3) a request for interpleader by Jewels; and (4) a request to submit costs by Flores.  The motion to enforce the settlement is denied because Jewels has now paid M&G the $41,000.  Jewels's request to interplead the $41,000 is denied because Mirabella's claim is invalid, and Jewels has already paid M&G the $41,000.  M&G's motion for attorney's fees and costs is denied because Jewels did not breach the settlement agreement.  When Jewels refused to pay at the end of October 2009, Mirabella had a recorded notice of judgment lien and was making a claim to the $41,000 from Jewels.  The requested interpleader does not subject Jewels to liability because Jewels never disputed that $41,000 was due.  The issue was simply who was the rightful recipient of the money.  Further, Jewels did not unduly delay in requesting the interpleader.  Finally, Flores's request to submit costs is denied because Jewels did not breach the settlement agreement.

Additionally, on October 28, 2009, all parties informed the Court that the case had settled and that dismissal papers for the action would be forthcoming.  See Court's Docket Doc. No. 113.  At the request of Flores, which included an attached copy of the settlement, the Court previously dismissed this case.  See id. at Doc. Nos. 114, 116.  The $41,000 has now been paid to M&G, as provided by the settlement.  With the resolution of Mirabella's claims and M&G's motions, it appears to the Court that this case can now end as previously represented by the parties in their October 28, 2009, status report.  Within twenty (20) days of service of this order,

the parties shall either file a joint stipulation for dismissal of this case or file a joint status report that explains both why this Court should not close the case and also indicates how the case should proceed.

Accordingly, IT IS HEREBY ORDERED that:

1. M&G's motions for enforcement of settlement and attorney's fees are DENIED;

2. Defendants' request for interpleader is DENIED;

3. Flores's request to submit costs is DENIED; and

4. Within twenty (20) days of service of this order, the parties shall either file a joint stipulation for dismissal or a joint status report that both explains why this Court should not close the case and also indicate how the case should proceed.

IT IS SO ORDERED.

Dated: __April 12, 2010__        _____/s/ Anthony W. Ishii_____
                                 CHIEF UNITED STATES DISTRICT JUDGE